## LEONARD FALCH ET AL.

### v.

### THE PEOPLE ex rel.

8  351,
151s  338

1. ASSESSMENTS FOR IMPROVEMENTS—AFFIDAVIT SHOWING NOTICE TO OWNER.—In making asssesments for improvements, where the statute requires notice to be sent to the owners of lands by the commissioners, the affidavit required by the statute showing that such notice was sent, need not set out the notice.

2. PUBLICATION NOTICE.—Publication of the notice required by statute in a daily paper from Thursday up to and including the following Tuesday, is a sufficient compliance with the statute.

3. APPELLATE JURISDICTION.—It appearing that the steps necessary to give the county court jurisdiction, were fully complied with, the remaining objection raised by appellant—that the statute is unconstitutional—is not within the jurisdiction of this court to hear, and the appeal is therefore dismissed.

APPEAL from the County Court of Cook county; the Hon. MASON B. LOOMIS, Judge, presiding. Opinion filed February 8, 1881.

Mr. EDWARD ROBY, for appellants; that the statute under which the assessment was made is unconstitutional, cited Seely v. Pittsburg, 82 Pa. 364; People v. Cooper, 83 Ill. 585; Constitution, Art. IV, § 1; Updike v. Wright 81 Ill. 49; Hessler v. Drainage Comrs. 53 Ill. 105; White v. The People, 94 Ill. 604; Lake v. Decatur, 91 Ill. 596.

Article IX, § 9 of the Constitution, is a limitation upon the powers of the General Assembly in the matter of assessments: Nance v. Howard, Breese, 242; Updike v. Wright, 81 Ill. 49; Board of Directors v. Houston, 71 Ill. 318; Hinze v. The People, 92 Ill. 419; Sleight v. The People, 74 Ill. 49; Gage v. Graham, 57 Ill. 146; Harward v. St. Clair Drainage Comrs. 51 Ill. 131; Hessler v. Drainage Comrs. 53 Ill. 105.

As to special taxation for local improvements : Ottawa v. Walker, 21 Ill. 610 ; Com'rs v. Baumgarten, 41 Ill. 254 ; Shaw v. Dennis, 5 Gilm. 405 ; People v. Canal Trustees, 14 Ill 403 ; Canal Trustees v. Chicago, 12 Ill. 403 ; County of

Sangamon v. Brown, 13 Ill. 207 ; State v. Maynard, 14 Ill. 419 ; Beesman v. Peoria, 16 Ill. 484 ; Higgins v. Chicago, 18 Ill. 276 ; Cole v. Peoria, 18 Ill. 301 ; Wright v. Chicago, 20 Ill. 252 ; Ottawa v. Macy, 20 Ill. 413 ; Chicago v. Colby, 20 Ill. 614 ; Pease v. Chicago, 21 Ill. 500 ; Brown v. Joliet, 22 Ill. 123 ; McAuly v. Chicago, 22 Ill. 563 ; McBride v. Chicago, 22 Ill. 574 ; Peck v. Chicago, 22 Ill. 578 ; Hamilton v. Chicago, 22 Ill. 581 ; Bristol v. Chicago, 22 Ill. 587 ; Ogden v. Chicago, 22 Ill. 592 ; Chicago v. Burtice, 24 Ill. 489 ; Chicago v. Adams, 24 Ill. 492 ; Chicago v. Walker, 24 Ill. 493 ; Chicago v. Rosenfeld, 24 Ill. 495 ; Burnham v. Chicago, 24 Ill. 496 ; Ottawa v. C. & R. I. R. R. Co. 25 Ill. 43 ; Peoria v. Kidder, 26 Ill. 352 ; Lill v. Chicago, 29 Ill. 31 ; Ottawa v. Spencer, 40 Ill. 211 ; Chicago v. Baer, 41 Ill. 306 ; Bedard v. Hall, 44 Ill. 91 ; Holbrook v. Dickenson, 46 Ill. 288 ; Wright v. Chicago, 46 Ill. 44 ; Greeley v. The People, 60 Ill. 19 ; Castle v. The People, 62 Ill. 287 ; Chicago v. The People, 56 Ill. 327.

As to the power of a municipal corporatin to make special assessments: Creote v. Chicago, 56 Ill. 422; Southeim v Chicago, 56 Ill. 429; Wheeler v. Chicago, 57 Ill. 415 ; Galesburg v. Hawkinson, 75 Ill. 152.

The legislature may lay the tax, but over its apportionment it has no control. If the tax is laid in proportion to values, a judicial determination of those values becomes essential: Rich v. Chicago, 59 Ill. 286 ; Prasser v. Secor, 5 Barb. 607 ; Weaver v. Devendorf, 3 Denio, 117.

As to the distinction between power of taxation and power of assessment: Weeks v. Milwaukee, 10 Wis. 242; Hill v. Higdon, 5 Ohio St. 247; The People v. Mayor, etc. 4 Comst. 440; Taylor v. Palmer, 31 Cal. 250 ; Emery v. San Francisco Gas Co. 28 Cal. 345.

Generally, as to the unconstitutionality of the law, and that the power to make assessments for local improvements, is not a right of eminent domain, but is regarded in many States as an exercise of the police power, and in some as the power of taxation: Sutton's Heirs v. Louisville, 5 Dana, 31; Lexington v. McQuillan's Heirs, 9 Dana, 513; Louisville v. Hyatt, 2

Falch v. The People.

B. Mon. 177; Howell v. Bristol, 8 Bush, 497; Mayor v. May-
berry, 6 Humph. 368; Washington v. Mayor, 1 Swan, 177;
Whyte v. Mayor, 2 Swan, 364; Norwich v. Hampshire, 13
Pick. 60; Atty. Gen. v. Cambridge, 16 Gray, 247; Hingham
Bridge v. Norfolk, 6 Allen, 353 ; Salem v. Essex, 100 Mass.
282; Dorgan v. Berton, 12 Allen, 232; Harvard Coll. v. Bos-
ton, 104 Mass. 486; Seamen's Friend Soc. v. Boston, 116 Mass.
182; Howe v. Cambridge, 114 Mass. 390 ; Lowell v. Hadley,
8 Met. 180; Ft. Wayne v. Cody, 43 Ind. 199; State v. Read-
ington, 36 N. J. 66; State v. Fuller, 34 N. J. 227; State v.
Mayor, 35 N. J. 172; Carter v. Tide Water Co. 3 C. E. Green,
68; Allen v. Drew, 44 Vt. 187; Nichols v. Bridgeport, 23
Conn. 207; Garrett v. St. Louis, 25 Mo. 514; Palmyra v. Mor-
ton, 25 Mo. 596; St. Joseph v. Anthony, 30 Mo. 537; St. Louis
v. Clemens, 49 Mo. 552; Warren v. Henly, 31 Ia. 31; Living-
ston v. The Mayor, 8 Wend. 86; The People v. Mayor of
Brooklyn, 4 N. Y. 419; Hamnett v. Philadelphia, 65 Pa. 146;
Washington Avenue, 69 Pa. 352; Sharpless v. Philadelphia,
9 Harris, 166; Craig v. Philadelphia, 12 Chicago Legal News,
2 ; Johnson's Appeal, 75 Pa. 96 ; Lea v. Philadelphia, 80 Pa.
315; Sawyer v. Alton, 3 Scam. 127; Town of Pleasant v. Kost,
29 Ill. 490; Taylor v. Thompson, 42 Ill. 9; Briscoe v. Allison,
43 Ill. 291.

Mr. Francis Adams, for appellees; that the legislature may
vest the corporate authorities of cities with power to make
local improvements by special assessment, cited Constitution,
Art. IX, § 9; City of Bloomington v. Miller, 84 Ill. 621; Lake
v. Decatur, 91 Ill. 596; White v. The People, 94 Ill. 617.

Courts will not declare a statute void for unconstitutionality
unless it is so beyond a reasonable doubt: Cooley on Con. Lim.
182; Lane v. Dorman, 3 Scam. 238; The People v. Marshall,
1 Gilm. 672; The People v. Auditor, 30 Ill. 434; The People
v. Salomon, 51 Ill. 38.

Wilson, J.    This is an appeal from a judgment of the Coun-
ty Court of Cook county, rendered upon the report of the coun-
ty collector, against certain lots delinquent for special assess-

ments made under an ordinance of the city of Chicago, for curbing, grading, and paving one of the streets in said city. The assessment proceedings were had under the provisions of Article IX, Chapter 24, Revised Statutes.

Two objections are urged against the validity of the judgment:

*First.* That the statute under which said assessment was made is unconstitutional and void; and *Secondly,* that if the statute is valid, the county court failed to acquire jurisdiction to enter the default of appellants or to enter judgment confirming the assessment against their lands by proof of notice and publication, as required by sections 27 and 28 of said Article IX.

It is apparent that if the case is made to turn upon the first objection urged, involving, as it does, the validity of a statute, this court has no jurisdiction to entertain the appeal. Whether it does or not so turn must depend upon the determination of the second objection, since if that is well taken the court may dispose of the case by reversing the judgment without involving a consideration of the question as to the validity of the statute. We will therefore first consider appellant's second objection.

Assuming the validity of the statute, was the proof of notice and publication sufficient to authorize the entry of the judgment? The statute provides that the commissioners, after certifying the assessment roll to the court, "shall send by mail to each owner of premises assessed, whose name and place of residence is known to them, a notice substantially in the following form:

Mr. . . . . your [here give a short description of the premises] is assessed $. . . . for public improvement. The assessment roll will be returned to the . . . . term of the County Court of . . . . County. [Here give date.]

. . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . .
                                Commissioners."

Herman Benze, one of the commissioners, made affidavit that "said commissioners did cause to be sent by mail to the own_

ers whose premises have been assessed by said commissioners, and whose names and places of residence were known.to them, or either of them, the notice required by law to be sent by mail to the owners of premises assessed, a substantial copy of said notice being as follows:

"Mr. [here the name was inserted], your [here a description of the premises was inserted] is assessed $ [here the amount of the assessment on the premises was inserted] for public improvements. The assessment roll will be returned to the November term of the County Court of Cook county, Illinois [date was here given.]

(SIGNED):                                    HERMAN BENZE,
                                             FREDERICK A. BRAGG,
                                   .         ARNO VOSS,
                                                Commissioners."

This affidavit was subscribed and sworn to by Herman Benze, one of the commissioners, October 30, 1879.

We think the affidavit was all, and more than the statute requires. The statute does not require that a copy of the notices should be set out in the affidavit. All that it requires is that an affidavit of one or more of the commissioners shall be filed in the court, stating that they have sent, or caused to be sent by mail the notices prescribed by section 141 of the act. The affidavit seems to be in substantial conformity with the requirements of the statute, except that it also embraces a copy of the notices. But this does not vitiate the affidavit, and may be disregarded as surplusage.

The objection to the sufficiency of the publication of notice we think is not well taken. The certificate of its publication states that the notice was published five times ; the date of the first paper containing it was October 30, 1879, Thursday, and the date of the last paper November 4, 1879, Tuesday. As the paper was published daily, Sundays included, it is fairly inferable that the notice was, in fact, published on six successive days, one of which was Sunday. If Sunday is to be considered as *dies non*, then it may be disregarded, and the notice was in legal contemplation, published on five successive days. If, on the other hand, Sunday is to be considered a secular day in

respect to publication of notice, then the publication of the notice in question was at least for five consecutive days. Thus, in either view of the case, the publication was in compliance with the requirements of the statute.

Being of the opinion that the necessary steps to give the court jurisdiction were taken, if the statute is valid, it follows that in order to fully dispose of the case we are required to pass upon the validity of the statute authorizing the assessment proceedings under review. This, as the law stands, is beyond our jurisdiction, and the appeal must therefore be dismissed.

Appeal dismissed.